```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT


MICHAEL ANDERSON                  :
                                  :              PRISONER
     v.                           :   Case No.  3:05cv1669(PCD)
                                  :
JOANNE L. MATOS                   :
```

                           RULING AND ORDER

In his original complaint, plaintiff Michael Anderson ("Anderson") alleged that he was denied access to the courts by the state court clerk's office when the clerk refused to process pro se papers while he was represented by counsel.  On November 21, 2005, the court dismissed the complaint without prejudice because Anderson failed to allege specific actions taken by defendant that deprived him of access to the courts.  The court permitted Anderson to file an amended complaint to allege the required facts.  On December 5, 2005, Anderson filed his amended complaint.  For the reasons that follow, the court concludes that Anderson has not alleged facts to state a claim for denial of access to the courts and declines to reopen this case.

   As stated in the previous ruling, the court must conduct an initial screening of complaints filed by prisoners to ensure that the case goes forward only if it meets certain requirements. "[T]he court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; ... fails to state a claim on which relief may be granted; or ...

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

The court construes pro se complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Gomez, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d. Cir. 1999)). Dismissal of the complaint under 28 U.S.C. §1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Under this liberal interpretation, the court afforded Anderson an opportunity to amend his complaint. Before the court reopens the case, however, it must review the amended complaint under the standard in section 1915(e). In order to state a claim for relief under section 1983 of the Civil Rights Act, Anderson must satisfy a two-part test. First, Anderson must allege facts demonstrating that each defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

In his original complaint, Anderson alleged that he was attempting to reopen his criminal case and vacate his sentence. Papers he submitted pro se to the Clerk's Office were returned to him, presumably because he was represented by counsel. The only defendant in the original complaint was State Court Clerk Joanne Matos.

In the amended complaint, Anderson includes much detail regarding his criminal conviction and plea as well as his dissatisfaction with counsel. He names as defendants Clerk Matos, the Superior Court and Assistant Clerk Ralph. He alleges that, in August 2005, he filed a motion to reopen and vacate his sentence which was denied. He also filed a Freedom of Information Act request and a "subpoena for evidence to prove his facts."

In October 2005, Anderson filed a motion for articulation and a direct appeal of the decision. Anderson alleges that the court has not allowed him to appeal the matter. He has tried to file his appeal directly to the Appellate Court, but his papers have been returned with direction to obtain certification from the superior court. Anderson alleges that the his papers seeking certification and his requests to process his appeal have been ignored or returned to him.

Anderson asks the court to order the state to stop depriving him of his civil rights, to conduct a criminal investigation into

the alleged civil rights violation and order his release from prison.

Anderson asks the court to order his release from custody. As the court stated in the previous ruling, this request is not cognizable in a section 1983 action. "A state prisoner may not bring a civil rights action in federal court under [section] 1983 to challenge either the validity of his conviction or the fact or duration of his confinement. Those challenges may be made only by petition for habeas corpus." Mack v. Varelas, 835 F.2d 995, 998 (2d Cir. 1987) (citing Preiser v. Rodriquez, 411 U.S. 475, 489-90 (1973)). Thus, if Anderson seeks release, he must file a petition for a writ of habeas corpus. Anderson's claim challenging his confinement again is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Although Anderson includes a different recitation of the facts in the amended complaint, he still alleges that he was represented by a public defender in the criminal case. As the court stated in the previous ruling, the Second Circuit has held that a litigant cannot proceed pro se and with counsel at the same time. See United States v. Purnett, 910 F.2d 51, 54 (2d Cir. 1990) ("The right to self-representation and the assistance of counsel are separate rights depicted on the opposite side of the same Sixth Amendment coin. To choose one obviously means to forego the other."); United States v. Mitchell, 137 F.2d 1006,

1010 (2d Cir. 1943) (noting that the rights to self-representation and representation by counsel "cannot both be exercised at the same time").

In the previous ruling, the court specifically informed Anderson that he failed to state a cognizable claim regarding his failure to file papers pro se, because he did not allege that counsel withdrew his appearance in the case.  He still does not allege that his public defender withdrew his appearance.  Thus, Anderson still does not state a claim regarding his inability to file papers pro se.

Also, as stated in the previous ruling, Anderson has not alleges any facts demonstrating an actual injury as required to state a claim for denial of access to the courts.  Requiring a person represented by counsel to proceed through counsel and not pro se is insufficient to state a claim for denial of access to the courts.

After reviewing the amended complaint, the court declines to reopen this case.  Any appeal of this ruling would not be taken in good faith.

**SO ORDERED** this ___19th___ day of December, 2005, at New Haven, Connecticut.

                                        _____/s/_____
                                        Peter C. Dorsey
                                        United States District Judge